**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CYNTHIA WEST and KRISTINE HOLLANDER, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No. 1:15-cv-05569 |
| v. | Judge Samuel Der-Yeghiayan |
| ACT II JEWELRY, LLC, a Delaware limited liability corporation d/b/a lia Sophia, KIAM EQUITIES CORPORATION, a Delaware corporation, VICTOR K. KIAM, III, and ELENA KIAM, | |
| Defendants. | |

**DEFENDANTS KIAM EQUITIES CORPORATION, VICTOR K. KIAM, III AND ELENA KIAM'S MOTION TO DISMISS PLAINTIFFS' CLAIMS WITH PREJUDICE PURSUANT TO FED. R. CIV. P. 12(b)(6)**

NOW COME Defendants Kiam Equities Corporation, Victor K. Kiam, III, and Elena Kiam, and respectfully move this Court to dismiss Plaintiffs Cynthia West and Kristine Hollander's claims with prejudice pursuant to Rule 12(b)(6) for the reasons that follow.

**I.    INTRODUCTION**

On June 23, 2015, Plaintiffs Cynthia West and Kristine Hollander ("Plaintiffs") filed a multi-count class action complaint against Defendant ACT II Jewelry, LLC d/b/a lia sophia ("ACT II"), with whom they each had a direct contractual relationship. The complaint also names three other defendants: Kiam Equities Corporation ("KEC"), Victor K. Kiam, III, and Elena Kiam (collectively referred to as "Kiam Defendants"),

1

(Dkt. # 1), none of whom had any contractual relationship with either Plaintiff. Each of Plaintiffs' seven counts is premised on the alleged acts and/or omissions of ACT II. Each count alleges that the Kiam Defendants are liable for ACT II's acts and omissions based solely on those defendants' relationships with ACT II. (*See* Dkt. # 1, ¶¶ 52[1], 80 (Count I – KEC Only), 87-88 (Count II), 96-97 (Count III), 102 (Count IV), 111-112 (Count V), 119-120 (Count VI), 125 (Count VII)). However, Plaintiffs' complaint fails to allege facts sufficient to justify "piercing the corporate veil" to hold the Kiam Defendants liable for the alleged acts and omission of ACT II. More specifically, Plaintiffs have not alleged any facts plausibly suggesting that ACT II and KEC are "sham entities" whose independent corporate structures and statuses should be disregarded under applicable law.

Numerous courts have articulated the appropriate factors for determining when a corporate entity's independent corporate structure and status may be disregarded and the "corporate veil" pierced; Plaintiffs' allegations do not bear on any of those factors. Plaintiffs have alleged facts showing that the Kiam Defendants were involved in owning and operating ACT II, but have not pled any facts – such as undercapitalization or lack of corporate formalities – to support an inference that ACT II was not a viable corporate entity distinct from the Kiam Defendants or that ACT II's corporate form should be disregarded.

Accordingly, all Counts against the Kiam Defendants should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiffs fail to state a cause of action against them. In addition, the Kiam Defendants move to dismiss counts II through VII for the reasons set forth in ACT II's Motion to Dismiss Plaintiff Cynthia West's Claims

---

[1] Paragraph 52 of the complaint is the foundation of Plaintiffs' claims against the Kiam Defendants: "[a]ccordingly, the Court should pierce the corporate veil of Lia Sophia to reach KEC, Tory Kiam and Elena Kiam, and hold KEC, Tory Kiam and Elena Kiam responsible for Lia Sophia's actions."

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or, in the Alternative, to Strike Plaintiff Cynthia West's Class Claims and to Dismiss Plaintiff Kristine Hollander's Claims Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. # 35), which is incorporated by reference herein along with ACT II's Memorandum of Law in support of that motion (Dkt. # 36).

## II.     ARGUMENT

### A.     Legal Standard

#### 1.     Motion To Dismiss

While factual allegations are accepted as true, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *McReynolds v. Merrill Lynch & Co., Inc.,* 694 F.3d 873, 885 (7th Cir. 2012)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 557 (2007)). Plaintiff must plead more than "a sheer possibility that a defendant has acted unlawfully." *Id.*

#### 2.     Piercing The Corporate Veil

"In diversity cases in which plaintiffs allege veil piercing claims, the Seventh Circuit has held that courts should apply the law of the state of incorporation." *Eagle Air Transp., Inc. v. Nat'l Aerotech Aviation Delaware, Inc.*, 2014 WL 7205579 at *9, 75 F. Supp. 3d 883 (N.D. Ill. 2014)(citing *Wachovia Securities, LLC v. Banco Panamericano, Inc.,* 674 F.3d 743, 751 (7th Cir.2012));  The same standard applies where, as here, the entity at issue is a limited liability company rather than a corporation. *See Caccamo v.*

3

*Greenmarine Holdings LLC*, 2002 WL 1466818 at *4 (N.D. Ill. July 8, 2002)("When determining whether to pierce the corporate veil, a court applies the law of the state of incorporation. Here, Greenmarine is a Delaware corporation; therefore, Delaware law applies.")(citing *Stromberg Metal Works, Inc. v. Press Mech., Inc.,* 77 F.3d 928, 933 (7th Cir.1996)). Defendant Act II is a Delaware limited liability corporation ("LLC"). (Dkt. # 1, ¶ 12). Therefore, Delaware law regarding piercing the corporate veil applies. *Eagle Air Transp.*, 2014 WL 7205579 at *9; *Caccamo*, 2002 WL 1466818 at *4.

> Under Section 18-303(a) of the Delaware Limited Liability Company Act:
>
> Except as otherwise provided by this chapter, the debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the limited liability company, and no member or manager of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company.
>
> Del. Code tit. 6, §18-303(a).

Accordingly, no individual or entity is liable for the acts and omissions of a LLC organized under Delaware law – including ACT II – other than the entity that incurred the liability itself. Rather, the liabilities of the LLC are *solely* the liabilities of the LLC, and no member may be held liable for them on the basis of being a member or acting as a manager of the LLC. Plaintiffs' arguments that the Kiam Defendants are liable for the acts and omissions of ACT II therefore requires the Plaintiffs to establish that Act II's corporate form should be ignored (*i.e.* that the "corporate veil" should be "pierced").

> **B. Plaintiffs Fail To Meet The Rigorous Factual Pleading Standard To Pierce The Corporate Veil And Impose Liability On The Kiam Defendants For Act II's Alleged Acts And Omissions; Therefore, Plaintiffs' Claims Against The Kiam Defendants Should Be Dismissed With Prejudice**

"Under Delaware law, courts 'will disregard the corporate form only in the exceptional case.'" *Eagle Air Transp.*, 2014 WL 7205579 at *9 (quoting *Winner Acceptance Corp. v. Return on Capital Corp.*, 2008 WL 5352063, at *5 (Del.Ch. Dec. 23, 2008)); *see also Heyman v. Beatrice Co.*, 1995 WL 151872 at *7 (N.D. Ill. Apr. 3, 1995)("Delaware courts will allow the corporate veil to be pierced only under the most exceptional of circumstances."). "To state a 'veil-piercing claim,' the plaintiff must plead facts supporting an inference that the [corporate entity], through its alter-ego, has created a sham entity designed to defraud investors and creditors." *Crosse v. BCBSD, Inc.*, 836 A.2d 492, 497 (Del. 2003).[2] The corporate veil should only be pierced when the owner shows "disregard of the separate corporate fiction" of the corporate entity. *Midland Interiors, Inc. v. Burleigh*, 2006 WL 3783476 at *3 (Del. Ch. 2006). Under this standard, the relevant inquiry is not whether the Kiam Defendants acted on behalf of ACT II, but whether ACT II was a distinct economic entity.

Delaware courts have articulated several factors that should be considered in determining whether taking the extraordinary step of piercing the corporate veil is warranted:

> (1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether corporate formalities were observed; (4) whether the controlling shareholder siphoned company funds; or (5) whether, in general, the company simply functioned as a facade for the controlling shareholder.

---

[2] "In matters of member liability, limited liability companies are treated like corporations rather than partnerships." *Barbieri v. Swing-N-Slide Corp*, 1997 WL 55956 at *2 n.11 (Del. Ch. 1997).

*Eagle Air Transp.*, 2014 WL 7205579 at *9 (citing *Winner Acceptance Corp.,* 2008 WL 5352063, at *5). "No single one of these factors alone is enough to justify disregarding the corporate entity. A combination of factors demonstrating that the subsidiary was misused as a mere instrumentality of the parent is essential." *Heyman*, 1995 WL 151872 at *7 (citing *Harper v. Delaware Valley Broadcasters, Inc.,* 743 F.Supp. 1076, 1085-86 (D.Del.1990) *aff'd* 932 F.2d 959 (3d Cir. 1991)). In other words, in order to pierce the corporate veil, plaintiffs must meet a "rigorous standard." *Id.* The corporate veil may be pierced only if the owner and the corporate entity operate as a single, undistinguished economic unit. *See Harper*, 743 F.Supp. at 1085,. Plaintiffs have not alleged any facts to support such a determination in this case.

What the articulated veil-piercing factors demonstrate – and what Plaintiffs miss by ignoring these factors – is that "[i]n order to reach [an owner] under the alter-ego theory, the plaintiff must show fraud, injustice, or inequity in the *use of the corporate form.*" *Sears Roebuck & Co. v. Sears plc,* 744 F.Supp. 1297, 1304 (D.Del.1990) (emphasis added). "Thus, the alleged fraud or inequity must be distinct from the tort alleged in the complaint…The underlying cause of action does not supply the necessary fraud or injustice. To hold otherwise would render the fraud or injustice element meaningless, and would sanction bootstrapping." *Id.* at 1305 (citing *Mobil Oil Corp. v. Linear Films, Inc.,* 718 F.Supp. 260, 269 (D.Del.1989)).

Accordingly, in order to pierce the corporate veil, Plaintiffs cannot simply show that the Kiam Defendants operated ACT II in such a way that ACT II committed legal wrongs. Rather, Plaintiffs must show that the Kiam Defendants committed fraud in their use of the corporate form itself – *i.e.*, that the Kiam Defendants "disregarded the

6

corporate fiction" of ACT II by failing to treat it as a distinct economic entity – based on relevant factors such as those articulated above. *See Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2737409 at *11 (Del.Ch. 2008); *Heyman*, 1995 WL 151872 at *7-8. Moreover, in order to state claims against Victor K. Kiam, III and Elena Kiam ("the Kiams"), Plaintiffs must not only pierce ACT II's corporate veil to get to KEC, but they must *also* pierce KEC's corporate veil in order to get to the Kiams. This would require showing, *e.g.*, that both ACT II *and* KEC were inadequately capitalized, insufficiently formalized, or other relevant factual allegations.

Despite asking this Court to disregard KEC and ACT II's corporate forms, Plaintiffs' complaint fails to allege facts relevant to any of the factors identified by the Delaware courts. Plaintiffs have not pled *any* facts that implicate *any* of these factors. Plaintiffs have not pled that KEC or ACT II: (1) were inadequately capitalized; (2) failed to observe corporate formalities; or (3) otherwise committed fraud in their use of the corporate form. Nor have Plaintiffs pled facts that lend plausibility to the unattributed and unsubstantiated "rumor" that KEC and the Kiams siphoned company funds; Plaintiffs even admit that this allegation is a rumor rather than a pleadable fact. (*See* Dkt. # 1, ¶ 34).

Instead of addressing the relevant factors, Plaintiffs have alleged facts establishing that the Kiams owned and operated KEC and operated ACT II, but nothing more. Plaintiffs' allegations against the Kiams amount to a laundry list of business decisions made for ACT II by the Kiams. (*See* Dkt. # 1, ¶¶ 44-50, 80, 87, 88, 96, 97, 102, 111, 112, 119, 120, 125). Plaintiffs' revelation that the Kiams make business decisions on behalf of a closely held entity that they own and operate should not surprise this Court; it is both common and obvious that a business owner or manager makes business decisions

on the business's behalf. The Kiams do not deny that they owned and operated KEC, nor do they deny operating ACT II. Those facts, however, are irrelevant to their personal liability under Delaware law, which expressly shields owners and managers from being held liable on those bases. *See* Del. Code tit. 6, §18-303(a); *eCommerce Industries, Inc. v. MWA Intelligentce, Inc.,* 2013 WL 5621678, at *27 (Del.Ch. 2013), *citing Skouras v. Admiralty Enterprises, Inc.,* Del.Ch., 386 A.2d 674 (1978) ("Mere control and even total ownership of one corporation by another is not sufficient to warrant the disregard of a separate corporate entity.").[3] Nevertheless, Plaintiffs ask this Court to jump to the following conclusion: "KEC, Tory Kiam and Elena Kiam are virtually indistinguishable from Lia Sophia." (Dkt. #1, ¶ 51). Plaintiffs ask this Court to reach that extraordinary conclusion—requiring this Court to ignore well-established corporate formalities and structures—based solely on the Kiams' ownership and operation of KEC and ACT II, rather than based on any of the factors articulated by the Delaware courts for determining when piercing the corporate veil is justified.

The *Eagle Air* court considered and rejected an argument almost identical to the argument now made by Plaintiffs. In that case, the plaintiff alleged that the individual defendant was the sole shareholder, director, and officer of the corporate defendant, that the individual defendant was solely responsible for the contract between the plaintiff and

---

[3] *See also, e.g., Reserves Development, LLC v. R.T Properties,* LLC, 2011 WL 4639817 at *3 (Del. Sup. Ct. 2011) (Holding that the sole officer and member of an LLC – who was also the sole officer and director of a corporation – was not liable for the debts of either entity; rather, because he never accepted personal liability, he was shielded from liability by law); *Northbound Group, Inc. v. Norvax, Inc.*, 5 F.Supp.3d 956, 973 (N.D. Ill. 2013) ("Norvax is the sole member of Leadbot, LLC. But that does not, on its own, supply a basis to impose liability on Norvax for the contractual obligations of Leadbot [under Delaware law]"); *Mabon, Nugent & Co. v. Texas American Energy Corp*. No. CIV. A. 8578, 1990 WL 44267, at *5 (Del.Ch. Apr.12, 1990)("Under Delaware law, the separate corporate existences of parent and subsidiary will not be set aside merely on a showing of common management of the two entities, nor on a showing that the parent owned all the stock of the subsidiary."); Stephen B. Presser, *Piercing the Corporate Veil* § 4:2 (2011) (noting that statutes allowing members to manage LLCs "illustrate[] a legislative intent to allow small, one-person and family-owned businesses the freedom to operate their companies themselves and still enjoy freedom from personal liability.").

the corporate defendant, and that there was a "unity of interest" between the two defendants. *Eagle Air Transp.*, 2014 WL 7205579 at *9. The court granted the individual defendant's motion to dismiss the plaintiff's veil-piercing claim because the plaintiff, just like the Plaintiffs here, alleged facts showing ownership and operation of the corporate entity but did "not allege a single fact that bears on the (veil-piercing) factors listed above." *Id.*

Plaintiffs' argument is also strikingly similar to one recently rejected by the court in *Doberstein v. G-P Industries, Inc.*, 2015 WL 6606484 (Del. Ch. 2015). In that case, the plaintiff argued that David Greenplate, the president and registered agent of G-P Industries, Inc., should be held liable for fraud he allegedly perpetrated by continuing – and accelerating billing for – a construction project even though he knew the business would cease to operate before completing the project. *Id.* at *4. The court granted the defendant's motion to dismiss on the basis that the alleged fraudulent misrepresentations about the business' viability were not "tied to the manipulation of the corporate form." *Id.* at *4-5. The allegations that Greenplate caused G-P Industries to act in a fraudulent manner did not defeat Greenplate's motion to dismiss because the alleged fraud did not implicate the veil-piercing factors. *Id.* Similarly, Plaintiffs in this case have alleged the Kiams, as owners and operators of KEC and operators of ACT II, caused ACT II to commit fraud – but have *not* alleged that the Kiams fraudulently manipulated ACT II's corporate form.

In both *Eagle Air* and *Doberstein*, the fact that the individual defendant owned and managed the corporate entity was entirely irrelevant to the determination of whether the corporate veil should be pierced. These holdings are consistent with the statutory

language providing that individuals who own or manage a LLC are not responsible for the liabilities of the LLC. Del. Code tit. 6, §18-303(a). This language is precisely why "ownership" and "management" are not among the enumerated factors for Delaware courts to consider in their veil-piercing analysis, and it is precisely why Plaintiffs' allegations that KEC and the Kiams were heavily involved in owning and managing ACT II do not save Plaintiffs' complaint from dismissal.

## III. CONCLUSION

In order to survive a motion to dismiss, Plaintiffs must have more than conclusory statements to support their claims. *McReynolds*, 694 F.3d at 885 ("allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion."); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The pleading standards established in *Twombly* and *Iqbal* apply to veil-piercing cases. *See, e.g., Eagle Air Transp.*, 2014 WL 7205579 at *9 (dismissing veil-piercing claim on basis that plaintiff did not allege facts bearing on the relevant veil-piercing factors). A plaintiff whose cause of action requires the court to disregard a corporate structure must plead sufficient facts for the court to infer that veil-piercing is plausibly appropriate under the relevant factors.

Here, as in *Eagle Air*, Plaintiffs offer only rumors and legal conclusions in an attempt to pierce ACT II's corporate veil, failing to plead "facts supporting an inference that the corporation, through its alter-ego, has created a sham entity designed to defraud investors and creditors." 2014 WL 7205579 at *9. This "threadbare recital" of the alter ego theory is not sufficient to state a viable cause of action against the Kiam Defendants. Therefore, because Plaintiffs have failed to meet the rigorous standard necessary to

warrant taking the extraordinary measure of piercing ACT II's corporate veil—and KEC's corporate veil—to impose liability on the Kiam Defendants, this Court should dismiss, with prejudice, Plaintiffs' claims against them. *Heyman*, 1995 WL 151872 at *7 (*"*Delaware courts will allow the corporate veil to be pierced only under the most exceptional of circumstances.*"*).

**WHEREFORE**, Defendants Kiam Equities Corporation, Victor K. Kiam, III, and Elena Kiam, and respectfully request that this Court enter an Order dismissing Plaintiffs Cynthia West and Kristine Hollander's claims with prejudice pursuant to Rule 12(b)(6).

Respectfully submitted,

By:   /s/ Eric L. Samore
One of the Attorneys for Defendants

Eric L. Samore ARDC #6181345
Albert M. Bower ARDC # 6277162
Yesha Hoeppner ARDC #6304109
SmithAmundsen, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 7, 2015, he served a copy of the **Defendants Kiam Equities Corporation, Victor K. Kiam, III, and Elena Kiam's Motion to Dismiss Plaintiffs' Claims with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(6)** on all attorneys of record. These pleadings were served pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

[x] Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: December 7, 2015.

/s/ Eric L. Samore

Eric L. Samore ARDC #6181345
Albert M. Bower ARDC # 6277162
Yesha Hoeppner ARDC #6304109
SmithAmundsen, LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200