UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

West, et al.,

    **Plaintiff,**

v.                                  1:15-cv-5569

Act II Jewelry, LLC., et al.;

    **Defendants.**

---

### OBJECTION OF CARA MENZ

---



RECEIVED 2018 APR 16 PM 2:46

FILED
APR 16 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**CARA MENZ**
31832 State Hwy 19
Redwood Falls, MN 56283
612-263-7166

I.     INTRODUCTION AND CLASS MEMBERSHIP

**COMES NOW, Cara Menz,** class member ("Objector"), hereby: (i) files these Objections to the Proposed Class Action Settlement (the "Proposed Settlement"); (ii) objects to Class Counsel's notice of motion and motion for attorneys' fees.

Objector represents that she has standing in this action since she was included by the Court when the Court decided this to be a class action. Objector is a member of the Sales Advisor Class.

**B. The Proposed Settlement does not pass the Rule 23 (e) fairness inquiry because it allows class counsel to obtain a disproportionate amount of settlement proceeds**

In Bluetooth, the Ninth Circuit identified three flags that indicate an unfair lawyer-driven settlement: (1) unreasonable disparity between the class award and the attorney's negotiated fee award; (2) "clear sailing," in which a defendant agrees not to oppose class counsel's fee request; and (3) a "kicker," such that any unclaimed settlement proceeds revert to the defendant rather than benefitting the class. 654 F.3d at 947. Two of the three warnings are present here and strongly indicate that the settlement cannot pass the Rule 23(e) fairness analysis. A fair settlement requires a fair distribution of the proceeds. See, e.g., Bluetooth, 654 F.3d at 942. The settlement was supported in the Notice by counsel documenting only a fictional low percentage of claimants participating in each class.

A class action settlement may **not** confer preferential treatment upon class counsel to the detriment of class members. When, as here, counsel receives a disproportionate percentage of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded, "a settlement is unfairly tilted toward class counsel". *Bluetooth*, 654 F.3d at 947; GMC Pick-Up Truck, 55 F.3d at 803 ("non-cash relief…is recognized as a prime indicator of suspect settlements"). In this matter, Classes will receive a pro-rata distribution that amounts to

pennies if the notice program is more successful than the dreary projections presented by Class Counsel. The signs of an inequitable settlement here are not subtle: an **unnecessary** claims process; and the excessive attorney's fee provision reinforced by a clear-sailing clause. The parties designed the settlement's structure to simultaneously insulate class counsel's fee award with the illusion of class recovery, while providing the defendant with the inexpensive release of claims and an end to the litigation. See *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) (if "fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have been obtained").

### C. The Administration Costs are unreasonable and excessive

The Seventh Circuit has indicated that district courts should scrutinize administrative costs to determine whether they really confer a benefit on the class before including them in fee-award calculations. See *Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014).

Class Counsel states in their Motion that Administration Costs will be $1,300,000. In the Notice, counsel expects or proposes that only a small fraction of the class members will participate in the action. This seems to contradict all reason. The administrator is receiving nearly 20 percent of the settlement to be extremely unsuccessful in its primary role—distributing funds to class members. Further, there is no indication the costs are necessary nor evidence of specific work that has been performed by the Administrator to justify this extreme amount. Further, there is no effort by class counsel to specifically describe, in detail, work performed and how that has conferred a benefit for the class. Much of the proposed administrative expense

should be excluded from the proposed fee as the class will not receive benefit as a result of that expense.

## II. CONCLUSION

For the foregoing reasons, this Objector requests, that this Honorable Court should support and rule in favor of this Class Member's objection(s), and not approve of this Settlement, attorney fees or administration fees. Objector will not be making an appearance at the hearing.

Respectfully Submitted,

Cara Menz