IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA WEST, KRISTINE HOLLANDER, JENNIFER ZIMMERMAN, MARY ROMAN, MARIE ESPOSITO, and MICHELLE BALLON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ACT II JEWELRY, LLC, a Delaware limited liability corporation d/b/a lia sophia, and VICTOR K. KIAM, III,<br><br>    Defendants. | Case No. 1:15-cv-05569<br><br>Hon. Thomas M. Durkin |

## ORDER GRANTING
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On December 6, 2017, the Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement between Plaintiffs Cynthia West, Kristine Hollander, Jennifer Zimmerman, Mary Roman, Marie Esposito, and Michelle Ballon (collectively, "Plaintiffs"), individually and on behalf of the Settlement Classes (as defined below), and Defendants Act II Jewelry, LLC, and Victor K. Kiam, III (collectively, "Defendants"), as memorialized by the Parties in the Settlement Agreement And Release dated November 21, 2017 (the "Settlement Agreement"). (Dkt. No. 99.)

On June 6, 2018, this Court held a Final Approval hearing (the "Fairness Hearing"), for which members of the Settlement Classes had been given appropriate notice and were invited. An opportunity to be heard was provided to all persons requesting to be heard in accordance with the Preliminary Approval Order. No members of the Settlement Classes appeared in Court seeking to address the proposed settlement. Having considered the Parties' Settlement Agreement, Plaintiffs' Motion For Final Approval Of Class Action

Settlement, Plaintiffs' Motion For Attorneys' Fees, Costs, And Incentive Awards, and all other evidence submitted, the Court hereby finds and orders as follows:

1. This Court has jurisdiction over Plaintiffs, Defendants, members of the Settlement Classes, and the claims asserted in this case (the "Litigation").

2. The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

3. The Court grants final approval of the Settlement Agreement, including, but not limited to, the releases set forth in the Settlement Agreement, and finds that the Settlement is in all respects fair, reasonable, and in the best interest of the Settlement Classes. Therefore, all members of the Settlement Classes who have not opted out are forever bound by this Order Granting Final Approval Of Class Action Settlement.

4. Heffler Claims Group LLC, located at 1515 Market Street, Suite 1700, Philadelphia, Pennsylvania 19102, shall be the Settlement Administrator.

**Class Certification**

5. The previously certified Settlement Classes is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

   1. *Customer Class* – All individuals in the United States who purchased jewelry from Defendant Act II Jewelry, LLC between June 23, 2011, and December 1, 2014.

   2. *Sales Advisor Class* – All individuals in the United States who sold at least $250 of jewelry for Defendant Act II Jewelry, LLC between January 1, 2014, and August 17, 2014.

   3. *New Sales Advisor Class* – All individuals in the United States who purchased initial starter kits from Defendant Act II Jewelry, LLC between August 1, 2014, and December 1, 2014.

5. Specifically excluded from all three Classes are the following persons: (a) Defendants and their respective affiliates; (b) Class Counsel and their immediate family members; and (c) the judges who have presided over this litigation and their immediate family members.

6. The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the classes are so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the classes that predominate over any questions affecting only individual class members; (c) Plaintiffs' claims are typical of the claims of the classes; (d) Plaintiffs will fairly and adequately protect the interests of the classes; (e) Siprut PC is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

7. Plaintiffs Cynthia West, Kristine Hollander, Jennifer Zimmerman, Mary Roman, Marie Esposito, and Michelle Ballon are designated as representatives of the Settlement Classes.

8. Siprut PC is appointed as Class Counsel.

**Class Notice**

9. The Class Notice (as described in the Settlement Agreement) fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Action. The Court has approved the forms of notice to the Settlement Class.

10. On January 8, 2018, the Settlement Administrator caused notice to be emailed to 2,011,857 Settlement Class Members. In addition, the Settlement Administrator initiated a digital media program that served over 9,300,000 online banner ad impressions, and released a press release which was picked up by 223 news outlets and organizations.

On January 23, 2018, the Settlement Administrator sent notice via U.S. mail to 2,750,643 Settlement Class Members.

Also, on December 6, 2017, the Settlement Administrator set up a PO Box to receive paper communications from the Settlement Class Members. On January 6, 2018, the Settlement Administrator established a 24/7 toll-free number where Settlement Class Members may call and receive information through an interactive voice response system. On January 7, 2018, the Settlement Administrator established the website www.liasophiasettlement.com, where Settlement Class Members may learn about the settlement and submit claims.

11. Class members were able to submit claims by mail or through the website, with a claim deadline of April 9, 2018. These forms of Class Notice fully comply with the requirements of Rule 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

12. A total of 158,066 valid and timely claim forms were submitted. The Court approves these claims.

A total of 159 late but otherwise valid claim forms were submitted. The Court approves these claims.

A total of 1,918 deficient claims were submitted. The Court understands that the Settlement Administrator is in the process of providing these claimants an opportunity to cure the deficient claims. To the extent any claims are cured by June 30, 2018, the Court approves these claims.

**Opt-Outs and Objections**

13. 114 Class Members requested to be excluded from the Settlement Agreement:

| Number | First Name | Last Name | State |
|---|---|---|---|
| 1 | SUSAN | SMITH | SC |
| 2 | ANGELA | STOUDT | PA |
| 3 | ANDREA | BROWN | MD |
| 4 | AMELIE | ROYFE | PA |
| 5 | CHERI | LAVIGNE | TX |
| 6 | ERIN | GIANNELLI | FL |
| 7 | CHRISTINE | MONIZ | MA |
| 8 | DONNA | CORDINGLY | WA |
| 9 | DIANE | FAVORITI | NJ |
| 10 | DONNA | DILLOW | OH |
| 11 | GINNY | SCHIATTA | NY |
| 12 | JUDI | REED | CA |
| 13 | JESSICA | GILBERT | CT |
| 14 | KYLE | REGYNSKI | ND |
| 15 | LINDA | GOSSETT | KY |
| 16 | LAUREN | MUMLEY | VT |
| 17 | MICKIE | BRAUNGER | AZ |
| 18 | MICHELLE | HOFF | MN |
| 19 | MARLA | MCMANNIS | MD |
| 20 | MARY | MALLINGER | IA |
| 21 | MICHELLE | WEAVER | MI |
| 22 | TARA | KLOSTERMAN | OH |
| 23 | SHARON | MORROW | MI |
| 24 | SUSIE | MEREDITH | CO |
| 25 | ABBIE | CATES | WA |
| 26 | JEANETTE | COOPER | NY |
| 27 | JANICE | ZALE | FL |
| 28 | JUDY | CURTIS | CO |
| 29 | KRISTINA | MASTRANGELO-GASOWSKI | NY |
| 30 | BEVERLEE | MONTAG | NJ |
| 31 | AMY | SNELL | WI |
| 32 | CAROL | JENSEN | WA |
| 33 | DARLA | FARMER | ME |
| 34 | CYNTHIA | HURT | MI |
| 35 | CINDY L | MCGINLEY | NH |
| 36 | DORIS | TANCREDI | SC |
| 37 | DEBBIE | NELSON | WI |
| 38 | CINDY | BLAZEK | CA |
| 39 | DEBRA | DERMANOOGIAN | NH |
| 40 | DIANE | HYDE | NY |
| 41 | GAIL | TWINE | TN |
| 42 | LORRIE | BROWN | WA |

| | | | |
|---|---|---|---|
| 43 | KAREN | LEMMON | OH |
| 44 | KAREN | SCHLEGELMILCH | IN |
| 45 | LISA | SOLOMON | NY |
| 46 | PATSY | HELLER | PA |
| 47 | MARY | THUMAN | IA |
| 48 | MARY ANGELLI | CARGILL | CA |
| 49 | NICOLE | POSTIN | MO |
| 50 | PAULETTE | WILSON | MI |
| 51 | MIECIA | DUDYS | IL |
| 52 | VIVIAN | CASE | TX |
| 53 | BETH | LAVALLE | PA |
| 54 | BRITANY | PORTER | NE |
| 55 | BETTY | GOSSAGE | OH |
| 56 | CLAUDIA | SMITH | CA |
| 57 | DEBORAH | HENON | TN |
| 58 | CONNIE | HIRSCHY | IN |
| 59 | CLAUDIA | TURNER | CA |
| 60 | DIANE | BECK | IA |
| 61 | DEBRA | CRISTELLI | CT |
| 62 | GRETCHEN | CAZZOLA | IL |
| 63 | LORI | SITZBERGER | VA |
| 64 | MERRILL | ACKERMAN | SD |
| 65 | MARIA | RESSLER | AZ |
| 66 | AMBER | MILLER | IN |
| 67 | BETH | WERLEY | PA |
| 68 | BARB | GROVE | PA |
| 69 | ERIN | O'DONNELL | IN |
| 70 | CAROLYN | BLAKE | FL |
| 71 | CHRISTIE | KEMMERLIN | SC |
| 72 | DEBORAH | LAKO | ND |
| 73 | ISIE | SINATRA | KS |
| 74 | LINDSEY | MURRAY | MI |
| 75 | KAY | THOMSON | WI |
| 76 | KONI | SCHMITZ | MN |
| 77 | KIMBERELY | LENDROTH | CT |
| 78 | NANCY | MONTERELLA | NY |
| 79 | PATRICIA | GOSCHEY | WI |
| 80 | TAMARA | WEBB | AL |
| 81 | SHEILA | SMITH | IL |
| 82 | VICKI | TERNUS | NE |
| 83 | STACIE | BARRY | CO |
| 84 | JOYCE | SAVILLE | MI |
| 85 | LINDA | DRINKWATER | VT |

| 86 | KIRSTIN K | JOHNSON | SD |
| --- | --- | --- | --- |
| 87 | RANDI | GRANT | WI |
| 88 | NATALIE | DICKMAN | IN |
| 89 | SANDRA | SKAFF | NY |
| 90 | JACKIE | WATSON | OH |
| 91 | RIVA | ECHOLS | MO |
| 92 | DONNA | HACKER | IN |
| 93 | JANET | ODONNELL | OH |
| 94 | BETH | SCHROEDER | IL |
| 95 | BRENDA | KEEFER | PA |
| 96 | FRANCESCA | ANDERSON | WA |
| 97 | JESSICA | JACOBS | MN |
| 98 | LEANNE | CADE | LA |
| 99 | MAYA | CAMPBELL | DE |
| 100 | TAMMY | SWEENEY | IL |
| 101 | SALLY | KELENY | WI |
| 102 | MARLA | SIGNOR | PA |
| 103 | LINDSAY | HULIN | NJ |
| 104 | LINDA | GUSTAFSON | NH |
| 105 | JENNIFER | GAUVIN | NJ |
| 106 | JOY | VAN DYKE | WI |
| 107 | JULIA | WEATHERSEED | CT |
| 108 | CANDACE | ELEA | IN |
| 109 | AMY | HENSEL | IL |
| 110 | DONNA | JETTE | CT |
| 111 | MARY | REINER | SD |
| 112 | LAURIE | MITCHELL | NY |
| 113 | ADRIANA | MOLINA | WI |
| 114 | MARIA | AMENDA | WI |

The above Class Members are hereby excluded from the Settlement.

14. Two class members—Christine Pierce and Cara Menz—submitted *pro se* objections to the Settlement. The Court has considered the objections and the responses by Plaintiffs to those objections. The Court finds the objections to be meritless, and overrules the objections.

**Notice and Administrative Expenses**

15. The Settlement Administrator, Heffler Claims Group, LLC, shall receive a payment to be paid from the Settlement Fund, for its providing of notice to the class members, administration of the settlement, and sending of payments to the class members who submitted valid claim forms. This payment shall be in the amount of $1,300,000.

**Award of Attorneys' Fees, Costs, and Incentive Award**

16. The Court has considered Class Counsel's application for attorneys' fees. The Court awards Class Counsel one-third of the Settlement Fund after deduction of settlement administration expenses, in the amount of $1,800,000, plus $24,349.02 in litigation costs, for a total of $1,824,349.02.

17. The Court grants Class Counsel's request for incentive awards to the class representatives and awards incentive awards in the following amounts: (a) $10,000 to Plaintiff West; (b) $5,000 each to Plaintiffs Hollander and Zimmermann; and (c) $2,500 each to Plaintiffs Roman, Esposito, and Ballon. The Court finds that these payment are justified by the Plaintiffs' services to the Settlement Classes as the class representatives. These payments shall be made from the Settlement Fund.

**Class Compensation**

18. In accordance with the terms of the Settlement Agreement, Defendants have provided a total of $6,700,000 to create a Settlement Fund. Deduction of notice and administrative expenses ($1,300,000), Plaintiffs' incentive awards ($27,500), and Class Counsel's attorneys' fees and out-of-pocket litigation costs ($1,824,349.02) results in a remaining fund of $3,548,150.98 (the "Class Fund"). The Court orders the Class Fund be distributed as follows:

- ***Customer Class.*** $2,097,195.59 is allocated to the Customer Class (the "Customer Class Fund").

  Each Customer Class Member who submitted a valid claim form and purchased less than $100 of jewelry will be placed into Tier One. Each Customer Class Member who submitted a valid claim form and purchased between $100 and $299.99 of jewelry will be placed into Tier Two. Each Customer Class Member who submitted a valid claim form and purchased $300 or more in jewelry will be placed in Tier Three.

  Each Tier One Customer Class Member will receive a *pro rata* share of the Customer Class Fund. Each Tier Two Customer Class Member will receive twice the amount received by each Tier One Customer Class Member. Each Tier Three Customer Class Member will receive three times the amount received by each Tier One Customer Class Member.

- ***Sales Advisor Class.*** $1,398,130.39 is allocated to the Sales Advisor Class (the "Sales Advisor Fund").

  Each Sales Advisor Class Member who submitted a valid claim will receive a monetary benefit equal to 6.12% of their sales between January 1, 2014, and August 17, 2014.

- ***New Sales Advisor Class.*** $52,825 is allocated to the New Sales Advisor Class (the "New Sales Advisor Class Fund").

  Each New Sales Advisor Class Member who submitted a valid claim will receive a refund of their starter kit, ranging between $99 and $149.

No portion of the Settlement Fund shall revert back to Defendant. As soon as practicable following the issuance of this Order, the Settlement Administrator shall distribute the Class Fund as ordered above to the approved claiming Settlement Class Members. If any checks to Settlement Class Members remain uncashed for ninety (90) days after the date of issuance, the check will be void.

**Cy Pres**

19. Within fourteen (14) days following the last void date of the Settlement Class Members' checks, the Settlement Administrator shall provide the Parties an accounting of any residual funds. Within thirty (30) days following the last void date of the Settlement Class

Members' checks, the Parties shall submit to the Court a proposed *cy pres* recipient for the residual funds. No *cy pres* distributions shall be made without Court approval.

**Releases**

20. Plaintiffs and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement. As set forth in the Settlement Agreement, upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operating of this Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims and Unknown Claims against the Released Parties, and each of them. The obligations incurred pursuant to the Settlement Agreement shall be a full and final disposition of this Litigation and any and all Released Claims and Unknown Claims, as against all Released Parties for the Settlement Class.

**Other Provisions**

21. The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

22. Neither the Settlement Agreement, the Preliminary Approval Order, this Order Granting Final Approval Of Class Action Settlement, nor any of their provisions, nor any of the documents (including, but not limited to, drafts of the Settlement Agreement, the Preliminary Approval Order, Order Granting Final Approval Of Class Action Settlement), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order. This Order is not a finding of the validity or invalidity of any claims in this action or

a determination of any wrongdoing by the Defendants. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of the Defendants or the Settlement Class Members.

23. The Court dismisses this action, and the Released Claims, with prejudice and without costs (except as otherwise provided herein) against Plaintiffs and all Settlement Class Members, and adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against the Released Parties.

24. Plaintiffs and the Settlement Class Members are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against the Released Parties.

**IT IS SO ORDERED:**

Dated: 6/6/2018

The Honorable Thomas M. Durkin
United States District Court Judge
Northern District of Illinois, Eastern Division